UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CHARTER COMMUNICATIONS :
ENTERTAINMENT I, LLC :
d/b/a CHARTER COMMUNICATIONS, :
:
:
Plaintiff, :   CIVIL ACTION
:   NO. 04-40098-FDS
v. :
:
THOMAS A/K/A TOM BURDULIS, :
:
Defendant. :

MOTION FOR JUDGMENT OF DEFAULT
AGAINST THOMAS A/K/A TOM BURDULIS

Pursuant to Federal Rule of Civil Procedure 55(b) and Local Rules of Civil Procedure, Plaintiff Charter Communications Entertainment I, LLC d/b/a Charter Communications, hereby moves this Court for a judgment by default against the Defendant Thomas a/k/a Tom Burdulis (the "Defendant"), in the above-captioned action. In support of its Motion, Plaintiff states that:

1. The Complaint in the above-captioned action was filed in this Court on June 2, 2004;

2. The Defendant was served by Deputy Sheriff David G. Westerman by leaving a true and attested copy of the Summons and Complaint at the abode of the Defendant on June 11, 2004 and by mailing a first class true attested copy to the home of the Defendant on June 14, 2004, pursuant to Rule 4(c) and 4(e) of the Federal Rules of Civil Procedure;

3. The Defendant failed to file an Appearance in the above-captioned action;

4. The Defendant failed to file a response to the Complaint, which was due on or before July 1, 2004, as required by Rule 12(a) of the Federal Rules of Civil Procedure;

5. In the Complaint, Plaintiff claims that the Defendant engaged in conduct and acts constituting violations of 47 U.S.C. § 553(a) and 47 U.S.C. §605(a);

6. On or about July 27, 2004 the Plaintiff moved for Entry of Default against the Defendant and sent a copy of such Motion to him at his current address;

7. Default was entered by this Court pursuant to Rule 55(a) of the Federal Rules of Civil Procedure on August 26, 2004, and, pursuant to that Order and Federal Rule of Civil Procedure 55, Plaintiff was directed to file a Motion for Judgment of Default within thirty days;

8. No proceedings have been taken by the Defendant in this action since his default was entered; and

9. The Defendant is not in the military service and is not an infant or incompetent as appears in the Affidavit attached hereto as Exhibit B.

WHEREFORE, the Plaintiff requests the Court to enter judgment against the Defendant as follows:

1. For statutory damages in favor of Plaintiff against the Defendant in the amount of $20,000 for Defendant's violations of 47 U.S.C. § 553(a) and 47 U.S.C. § 605(a); as described in the Affidavit of Mary P. Paul and Plaintiff's Damages Analysis, attached hereto as Exhibits A and C, respectively;

2. Ordering that the Defendant, his servants, agents, employees, successors and assigns and those persons in active concert or participation with any of them, are permanently enjoined and restrained from engaging in, aiding, abetting or otherwise promoting or supporting interception or reception of the cable television programming, service or signal of Charter,

including, without limitation, the following: permanently enjoining and restraining the Defendant from connecting, attaching, splicing into, tampering with or in any way using cable wires of Charter for purposes of obtaining any of the programming services of Charter without Charter's authorization; permanently enjoining and restraining the Defendant from manufacturing, purchasing, obtaining, installing, owning or possessing any equipment, components or parts used to make any such equipment capable of unscrambling, intercepting, receiving, transmitting, retransmitting, decoding or in any way making available all or part of the programming and services of Charter without Charter's authorization; permanently enjoining and restraining the Defendant from attaching or connecting any such equipment to any property of Charter without Charter's authorization; permanently enjoining and restraining the Defendant from attaching or connecting any such equipment to any property of Charter without Charter's authorization; permanently enjoining and restraining the Defendant from any further tampering with or making any connection or any disconnection or manipulating, in any manner, for any purpose, any of Charter's cable systems without Charter's authorization, in accordance with 47 U.S.C. § 553(c)(2)(A) and 47 U.S.C. §605(e)3(B)(i);

    3.    Awarding the Plaintiff its attorneys' fees and costs in prosecuting this action, in accordance with 47 U.S.C. § 553(c)(2)(C) and 47 U.S.C. § 605(e)(3)(B)(iii) in the amount specified for the Defendant in the Affidavit attached hereto as Exhibit D; and

    4. Granting such other relief as the Court determines is just and proper.

NO ORAL ARGUMENT REQUESTED.

PLAINTIFF – CHARTER COMMUNICATIONS
ENTERTAINMENT I, LLC d/b/a CHARTER
COMMUNICATIONS

By Its Attorneys,

_____
Burton B. Cohen, BBO#656190
Christopher L. Brown, BBO# 642688
Murtha Cullina, LLP
99 High Street-20th Floor
Boston, MA 02110
(617) 457-4000

Dated: September 27, 2004

284816-1

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing Motion for Default Judgment Against Defendant Thomas a/k/a Tom Burdulis with Exhibits was mailed first-class, postage prepaid, on September 27, 2004 to:

Thomas a/k/a Tom Burdulis
11 Miami Street
Worcester, MA 01605

_____
Christopher L. Brown