# MURTHA CULLINA LLP

A  T  T  O  R  N  E  Y  S    A  T    L  A  W

CITYPLACE I
185 ASYLUM STREET
HARTFORD, CONNECTICUT 06103-3469

TELEPHONE (860) 240-6000
FACSIMILE (860) 240-6150
www.murthalaw.com

BURTON B. COHEN
(860) 240-6177 HARTFORD
(203) 772-7714 NEW HAVEN
BCOHEN@MURTHALAW.COM

February 28, 2005

VIA FAX AND FIRST-CLASS MAIL

Deputy Clerk, Martin Castles
United States District Court for the District of Massachusetts
Harold D. Donohue Federal Building & Courthouse
595 Main Street
Worcester, MA  01608

> Re:   Charter Communications Entertainment I, LLC v. Cintron
>        Civil Action No. 04-40064-FDS
>        Charter Communications Entertainment I, LLC v. Sosa
>        Civil Action No. 04-40081-FDS
>        Charter Communications Entertainment I, LLC v. Burdulis
>        Civil Action No. 04-40098-FDS

Dear Mr. Castles:

At the February 17, 2005 Oral Argument on the Plaintiff, Charter Communications Entertainment I, LLC d/b/a Charter Communications' ("Charter"), Motion for Reconsideration of Order on Default Judgment in the above-referenced cases (the "Motion"), the Honorable District Court Judge Saylor specifically inquired into the connection between cable systems and radio frequency ("RF").

For the Court's reference, in addition to Exhibit B attached to the Plaintiff's supporting memorandum of law, various sections of the Code of Federal Regulations ("CFR") that set forth the regulatory scheme of the Federal Communications Commission ("FCC") concerning RF devices, including generally, cable television systems, and specifically, cable set-top devices (referred to in the text of the regulations as "cable system terminal devices"), provide additional information for the Court's consideration. These regulations apply to cable set-top devices as RF emitting devices and provide additional information on the use of radio frequencies through a cable system, which terminates at a subscriber's television:

771292_2

MURTHA CULLINA LLP

Deputy Clerk, Martin Castles
February 28, 2005
Page 2

<u>47 C.F.R. § 15.3(u)</u> (Defining "Radio frequency (RF) energy" as "energy at any frequency in the radio spectrum between 9kHz and 3,000,000 MHz.")

<u>47 C.F.R. § 15.115</u> (Setting forth specific technical radio frequency emission compliance requirements when it is possible to determine which portion of a television interface device, including cable system terminal devices, is contributing to a particular radio frequency emission. This section further sets specific output signal limits for cable system terminal devices.)

<u>47 C.F.R. § 76.605(a)(1)(ii)</u> (Requiring cable television systems to transmit its signals to subscriber premises on specific frequencies.)

<u>47 C.F.R. § 76.611</u> (Establishing extensive regulations to meet "signal leakage" requirements, which regulates the "leakage" of radio frequencies from out of the cable system and into various radio bands.)

<u>47 C.F.R. § 76.617</u> (Holding cable operator responsible for radio interference from leakage resulting from the use of cable system terminal equipment, including subscriber terminal, impute selector switch, and any other accessories; further clarifying that, when excessive signal leakage occurs, the cable operator "shall be required only to discontinue service to the subscriber until the problem is corrected.")

If the Court would like to be provided with copies of any of these materials, please let me know. Thank you for your consideration.

Respectfully yours,

Burton B. Cohen
Attorney for Charter Communications
Entertainment I, LLC

BBC/rer

cc:    Bruce E. Hopper, Esq. (for Ines Cintron)
       Dennis Sosa
       Thomas Burdulis